# SOUTH SPRING HILL GOLD MINING COMPANY *v.* AMADOR MEDEAN GOLD MINING COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 338.   Submitted April 27, 1892. — Decided May 16, 1892.

The court, being informed that the control of both the corporations, parties to this suit, had come into the hands of the same persons, but that there was a minority of stockholders in the Amador Medean Gold Mining Company who retained the interest that they had, at the time the decision was rendered — that the two corporations were still in existence and organized — and that the present managers and owners of the properties were anxious that the question should be decided, in order that the minority of the stockholders might receive whatever, by the finding of the court, would be due to them — reverses the judgment and remands the case for further proceedings in conformity to law, without considering or passing upon the merits of the case in any respect.

THE case is stated in the opinion.

*Mr. George S. Boutwell* for plaintiff in error.

No appearance for defendant in error.

Mr. Chief Justice Fuller delivered the opinion of the court.

This was an action brought by the Amador Medean Gold Mining Company against the South Spring Hill Gold Mining. Company in the Circuit Court of the United States for the Northern District of California, where it was tried on an agreed statement of facts, and a judgment rendered in favor of the plaintiff, to review which this writ of error was prosecuted. The opinion of Judge Sawyer, holding the Circuit Court, will be found reported in 36 Fed. Rep. 668.

When the case came on for argument in this court the attorney for plaintiff in error very properly called our attention to the fact that, since the decision in the Circuit Court, " the control of both the corporations, parties to this suit, had come into the hands of the same persons, but that there was a minority of stockholders in the Amador Medean Gold Mining Company who retained the interest that they had at the time the decision was rendered;" "that the two corporations were still in existence and organized, and that the present managers and owners of the properties were anxious that the question should be decided, in order that the minority of the stockholders might receive whatever, by the finding of the court, would be due to them." No appearance has been entered for defendant in error, but a copy of the opening and closing briefs, filed on its behalf in the Circuit Court, has been printed and filed here by plaintiff in error. We cannot, however, consent to determine a controversy in which the plaintiff in error has become the *dominus litis* on both sides. We assume that this is not an agreed case gotten up by collusion; but the litigation has ceased to be between adverse parties, and the case therefore falls within the rule applied where the controversy is not a real one. *Wood-paper Company* v. *Heft*, 8 Wall. 333; *Cleveland* v. *Chamberlain*, 1 Black, 419; *Lord* v. *Veazie*, 8 How. 251; *Washington Market Co.* v. *District of Columbia*, 137 U. S. 62.

If the writ of error be dismissed the judgment will remain undisturbed, and the plaintiff in error might be cut off from

submitting the questions involved to the determination of the appellate tribunal; while if the judgment be reversed the minority of the stockholders of defendant in error would be deprived of the benefit of an adjudication in its favor. But although the latter might be thereby subjected to the delay and expense of further litigation, they would still be free to vindicate whatever rights they are entitled to.

*Without considering or passing upon the merits of the case in any respect, we deem it most consonant to justice to reverse the judgment and remand the case for further proceedings in conformity to law, and it is so ordered.*