It follows from these views that the case should be affirmed, which accordingly is ordered.

## ST. LOUIS SOUTHWESTERN RY. CO. v. BOARD OF DIRECTORS OF RED RIVER LEVEE DIST. NO. I et al.

Circuit Court of Appeals, Eighth Circuit.
April 6, 1929.

No. 8189.

J. R. Turney, of St. Louis, Mo., and T. J. Gaughan, J. T. Sifford, E. E. Godwin, and J. E. Gaughan, all of Camden, Ark., for appellant.

Henry Moore, Jr., of Texarkana, Ark., for appellees.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This is an appeal from the denial of an interlocutory injunction. The application for the injunction was submitted upon the verified bill and the unverified answers thereto. The plaintiff is a railway company, and a part of its line of railroad is built across the valley or bottom lands adjacent to the Red river in Lafayette county, Arkansas. The Legislature of Arkansas created a levee district embracing a part of the plaintiff's line of railroad and lands on either side of the railroad, and authorized the district "to assess and levy annually a tax upon the valuation, as it shall appear each year upon the real estate assessment list for Lafayette county, upon all lands * * * and upon the railroad tracks of all railroad companies within said district as appraised by the board of railway commissioners under section 6947 of Kirby's Digest, or the Arkansas tax commission."

From the bill, it appears that the valuation of the plaintiff's property in the district for the purpose of assessing the district taxes thereon for 1927 was more than 50 per cent. of its true value while the lands in the district were assessed for like purpose at about 10 per cent. of their value, and that this valuation of the plaintiff's property included the value of the improvements, while the valuation of the other lands did not include the improvements thereon. There are

other allegations that the levee maintained by the district was of very little value to the plaintiff, and that it had already paid more than the amount of benefits it had received from the levee, and that the manner of assessment of the plaintiff's railroad, as compared to the manner of assessment of the lands in the district caused an excessive, arbitrary and discriminatory tax against the plaintiff. The plaintiff offered to pay any tax that the court might find to be just.

The statute creating the district provided that taxes assessed should become delinquent, if not paid by a certain date, and for a penalty equal to 25 per cent. of the taxes, if the tax became delinquent. The plaintiff asked for a temporary and permanent injunction restraining the tax collector from returning its property as delinquent, and restraining the board of directors of the levee district from bringing any suit or otherwise attempting to enforce the collection of the tax or from assessing any penalties or interest.

■ The appellees contend here, as they did in the trial court, that the application for the temporary injunction should have been heard before three judges, pursuant to the provisions of section 266 of the Judicial Code (title 28, § 380, U. S. Code [28 USCA § 380]). In all essential respects the contention made here is the same as that made on similar facts in Ex parte Williams, Tax Commissioner, 277 U. S. 267, 48 S. Ct. 523, 72 L. Ed. 877, and upon the authority of that case it must be held that the hearing properly proceeded before a single judge, because the assessment of the plaintiff's property by the state board was not an "order," within the meaning of section 266 of the Judicial Code.

We are asked to review the propriety of the denial of the temporary injunction, but by the argument, and by the briefs, it is shown that the taxes assessed against the plaintiff's property have been returned as delinquent, that the defendants had brought suit in the state court against the plaintiff for the recovery of these taxes, that that suit had been removed to the United States District Court, that the appellant had asked to have that suit consolidated with the suit in which this appeal has been taken, and that both the suits are still pending in the same court.

■ Facts of this nature, outside of the record, which affect the proceedings on the appeal, and which may determine the proper action to be taken, will, be noticed in some cases by the appellate court, when presented by concession of counsel, or by any satisfactory evidence. South Spring Gold Co. v. Amador Gold Co., 145 U. S. 300, 301, 12 S. Ct. 921, 36 L. Ed. 712; California v. San Pablo & T. Railroad, 149 U. S. 308, 311, 313, 13 S. Ct. 876, 37 L. Ed. 747; Illinois Pneumatic Gas Co. v. Berry, 113 U. S. 322, 325, 5 S. Ct. 525, 28 L. Ed. 1003.

■ It appears that the principal things sought to be prohibited have been done. The plaintiff's property has been returned as delinquent, a penalty has been assessed, and a suit has been begun to enforce the collection of the taxes. This does not necessarily prevent a temporary injunction from issuing at this time, "for where a defendant, with notice of the filing of a bill for an injunction, proceeds to complete the acts sought to be enjoined, the court may, by mandatory injunction, compel a restoration of the status quo." Texas & N. O. R. Co. v. Northside Ry., 276 U. S. 475, 479, 48 S. Ct. 361, 362 (72 L. Ed. 661); Wingert v. First National Bank, 223 U. S. 670, 672, 32 S. Ct. 391, 56 L. Ed. 605.

■ There seems to be no such danger of irreparable injury to the plaintiff in this case, as requires the issuance of an injunction at this time. This suit is still pending in the district court. The suit for the collection of the taxes and the penalty is also pending in the same court. It does not appear that the plaintiff may not fully present its claim of the invalidity of the taxes and penalty in these suits. See Keokuk & Hamilton Bridge Co. v. Salm, 258 U. S. 122, 125, 42 S. Ct. 207, 66 L. Ed. 496. No further acts to the injury of the plaintiff are threatened. For these reasons the appeal will be dismissed, without costs to either party, but without prejudice to the right of the plaintiff to renew its application for an interlocutory injunction before the trial court, if the suit against it for the collection of the taxes and penalty should be dismissed by the plaintiffs therein, or if any action for the collection of the taxes and penalty should be taken or threatened, other than the prosecution of the pending suit for its collection.