## KELLER v. HALL.

No. 9195.

Circuit Court of Appeals, Ninth Circuit.

April 12, 1940.

Faries & McDowell, David R. Faries, and Leonard S. Janofsky, all of Los Angeles, Cal., for appellant.

Otto E. Myrland, of Tucson, Ariz., for appellee.

Clifford R. McFall, of Tucson, Ariz., amicus curiae.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This suit was before this court on a former appeal. Then, as now, the appellant was H. W. Keller, who, acting on behalf of Las Mercedes Copper Mining Company and San Manuel Mines Company, two corporations organized under the laws of the Republic of Mexico, had entered into a contract with the appellee, James M. Hall, for the operation and exploitation of certain mining properties in Mexico. That contract provided in part that Hall was to take possession of the

properties, erect a mill thereon, and pay a guaranteed royalty.

This suit was brought by the appellant against the appellee for an alleged breach of the contract. Damages aggregating $119,500 were claimed on account of unpaid royalties, of a failure to erect the mill as agreed, and for other minor breaches of the contract. An accounting was sought as to alleged liens and encumbrances due to appellee's failure to pay claims for labor. Appellant also prayed for a decree that appellee deliver possession and execute reconveyances to the corporations.

The appellee filed an answer and a cross-complaint, alleging in each that the corporations represented by appellant did not have title to the properties covered by the contract entered into by appellant in their behalf and for that reason the appellee had been prevented from mining thereon for fear of violating the criminal laws of Mexico applicable thereto. The cross-complaint sought to recover the sum of $353,434.88 for damages resulting from the alleged failure of title.

The court below treated the case as a suit in equity and for that reason it will be so considered here.[1] On November 3, 1936, that court entered a decree dismissing the complaint and awarding appellee the sum of $15,500 upon his cross-complaint on the theory that because of failure of title the contract was void for lack of consideration.

The appellant perfected an appeal from the judgment and during the pendency of the appeal entered into a number of written contracts with appellee relating to the matter including a stipulation for a judgment of reversal and for retrial. The agreement for a reversal of the judgment was signed by the parties personally and also by their attorneys in the case. These contracts and the stipulation resulting therefrom purported to be a settlement of all the claims of the appellee against the appellant[2] but of none of the claims of appellant against the appellee.[3]

Contemporaneously therewith appellee assigned to J. C. Argue, appellant's nominee, the decree entered by the district court against appellant on November 3, 1936, "together with any and all claims which he may now hereafter have against said H. W. Keller and against Las Mercedes Copper Mining Company, S. A. and San Manuel Mining Company, S. A., and/or any of them in any way arising out of that certain agreement executed on November 13, 1933, at Los Angeles, California, between the aforementioned companies as parties of the first part and the undersigned as party of the second part. * * It is further understood that nothing herein contained in any way affects the claims of plaintiff herein against the undersigned or constitutes any admission on the part of the undersigned that he is in any way indebted to the plaintiff herein under the terms of the contract of November 13, 1933, hereinbefore referred to."

---

[1] Cf. Cutler v. Cook, 9 Cir., 78 F.2d 863, 866; Twist et al. v. Prairie Oil & Gas Co., 274 U.S. 684, 47 S.Ct. 755, 71 L.Ed. 1297.

[2] The contract of September 29, 1937, in that regard, provided as follows:

"(2) Party of the second part has recovered judgment against H. W. Keller in the action last hereinabove described in the sum of $15,500.00 together with interest and costs, does hereby agree that he will concurrently herewith assign the said judgment and all thereof to J. C. Argue, the nominee of the said H. W. Keller and the parties of the first part in consideration of the sum of ten ($10.00) dollars, receipt of which is hereby acknowledged. * * *

"(6) As consideration for the execution by the party of the second part of the assignment of his claims against H. W. Keller and the parties of the first part, the parties of the first part do hereby agree that the party of the second part may work said mining claims at his own expense provided that he do so in a diligent and workmanlike manner without unnecessary waste and he shall be entitled to take all the net profits to be derived from the operation of said property until he shall have received the sum of $9250.00."

[3] The agreement of September 29, 1937, after referring to the contract for the exploitation of the mine executed November 13, 1933, contained the following stipulation: "Now, therefore, it is hereby agreed by and between the parties hereto that: (1) This agreement is not and shall never be construed as a release by the parties of the first part of any of their claims against the party of the second part in any way arising out of the contract of November 13, 1933, hereinbefore referred to nor of the claims asserted by H. W. Keller in the case of H. W. Keller v. James M. Hall, filed in the District Court of the United States for the District of Arizona, at Tucson, Arizona, under No. E-236."

Thereafter, the appellant presented this stipulation for a reversal to this court and moved that this court make its order reversing the decree of the district court "and make its order remanding the said cause to the said United States District Court for a new trial, each party to bear his own costs on appeal."

In accordance with stipulation and motion of the appellant this court made its order reversing the judgment of the district court and remanding the cause for a new trial. Prior to the new trial the appellant filed a supplement to his answer to the cross complaint in which he alleged that by reason of the stipulations and contracts above referred to the claim of the appellee Hall set up in the cross complaint had been settled. The trial court proceeded with a retrial of the case and heard the evidence offered by both parties but concluded that the assignment of the appellee's judgment "to the plaintiff's said nominee pending said appeal extinguished said judgment. * * * That on said assignment the plaintiff became the owner of both sides of the litigation the issues in which were raised by the pleadings of the respective parties, and the defendant was not thereafter a party to said appeal or to a dismissal thereof."

The trial court overlooked the fact that its jurisdiction to proceed further in the case was a result of the reversal of its former judgment by this court and of our order remanding the case for a new trial. If the order for a new trial was void because there were no adverse parties to the appeal, as the trial court held, so also was the reversal of the judgment. But assuming that this court had jurisdiction the validity of the order of this court was not a question for the consideration of the trial court. Its duty was to follow the plain mandate of this court and to proceed with a new trial of the issues. Moreover, the judgment theretofore rendered in the case, after it was reversed, was "without any validity, force, or effect". Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 987, 35 L.Ed. 713. It could not be the basis for a claim of estoppel or res judicata. It is clear that this court had jurisdiction to reverse the judgment and remand the case for a new trial. Prior to the assignment of the judgment this court had obtained jurisdiction of the appeal and of the parties. It did not lose that jurisdiction

because of the assignment. Cf. South Spring Gold Co. v. Amador Gold Co., 145 U.S. 300, 12 S.Ct. 921, 36 L.Ed. 712.

The decree rendered herein must be reversed and the case again remanded for a new trial.

The agreements of the parties subsequent to the judgment did not deal exclusively with the first judgment but covered other matters material to the rights of the parties. All questions arising therefrom may be presented to the trial court upon the new trial by supplemental pleadings relating to the partial settlement of the controversy between them, raising such issues as the parties may desire. Leave should be given to file such supplemental pleadings if requested.

Reversed and remanded for a new trial.

