## NATIONAL NUT CO. OF CALIFORNIA v. KELLING NUT CO. et al.

### No. 43 C 423.

District Court, N. D. Illinois, E. D.

Jan. 25, 1945.

John J. McLaughlin, of Chicago, Ill., and Charles S. Evans and Hugh N. Orr, both of San Francisco, Cal., for plaintiff.

Arthur D. Welton, Jr., Winston, Strawn & Shaw, James C. Leaton, and West, Leaton & West, all of Chicago, Ill., for defendant.

LABUY, District Judge.

The complaint filed herein contains three separate causes of action (a) a claim for infringement of letters patent of the United States; (b) a claim for damages arising under the anti-trust laws of the United States; and (c) a claim for damages for unfair competition. These claims are made against seven named defendants and three unidentified defendants.

The defendants, The Kelling Nut Company, The General Nut Company, The Susu Nut Company, Max J. Kelling and Robert S. Kelling, have filed their written motions herein for a bill of particulars and to strike as immaterial certain portions of said complaint.

*A. The Motions with Reference to the Charges of Infringement.*

The defendants have filed under paragraphs A1 to A18 specifications of particulars in which they claim that they are entitled to a bill of particulars.

*Paragraph A.1* requests that plaintiff "Specify which of the several claims of the patent in suit plaintiff asserts to be in-

fringed by each defendant." There are seventeen claims in the patents which plaintiff claims have been infringed. The defendants are entitled to know whether the plaintiff claims that all seventeen of these claims have been infringed by the defendants, and if not all seventeen, which of the seventeen claims have been infringed.

The motion for a bill of particulars on this point is sustained.

*Paragraph A.2* requests that plaintiff specify which machine or machines made, used or sold by each defendant, plaintiff asserts to infringe the patent in suit, specifying the particular claim or claims asserted to be infringed by each machine.

■ The complaint names seven defendants and three who are unnamed. The complaint should be dismissed as to the three unnamed defendants as they are not proper parties herein. If the plaintiff can subsequently join any additional defendants by name, the fact that there are certain fictitious defendants named herein will not assist the plaintiff nor will it serve as any basis for not serving with process any additional defendants herein. Also, the naming of these fictitious defendants will not be binding or conclusive on any actual persons who are not named defendants herein in their own proper name.

■ With reference to the machines used or sold by the defendants, which plaintiff asserts infringe the patent in suit, the court has above directed that the plaintiff specify the particular claim or claims which the plaintiff asserts have been infringed. The defendants are familiar with the machines they have made, used or sold and the plaintiff should not be bound to specify at this time all of the acts of the defendants which may be peculiarly within the knowledge of the defendants.

The three fictitious defendants herein should be dismissed as defendants in this case, and the motion for a bill of particulars as specified in A.2 is denied.

*Paragraph A.3* requests that plaintiffs specify which machine or machines plaintiff will assert to have been jointly made, used or sold by the defendants, specifying the particular claim or claims asserted to be infringed thereby.

For the reasons above set forth this portion of the motion will be denied.

■ *Paragraph A.4* requests that plaintiff specify what plaintiff asserts to be new and patentable in each of the claims asserted to be infringed, and if, in response, plaintiff states that the combinations of elements recited in the respective claims are new and patentable, specify in what respects plaintiff contends that these combinations differ from combinations old in the prior art.

When motions similar to the one above requested have been made, the courts have almost universally held that a bill of particulars should not be allowed. In these decisions the courts have held that where a defendant has requested that the plaintiff state precisely what he asserts or claims as new and patentable in each of the claims of his patents, that such request should be denied. The reasons given for such holdings are that such request calls for evidentiary detail, for plaintiff's interpretation of the claims and his opinion thereon, and for plaintiff's theory as to infringement. A. B. Dick Co. v. Underwood Typewriter Co., D.C., 235 F. 300; Midwest Mfg. Co., Inc. v. Staynew Filter Corporation, D.C., 11 F.Supp. 705; E. I. DuPont DeNemours & Co. v. Byrnes, D.C., 1 F.R.D. 34.

The motion for particulars as set up in Paragraph A.4 is denied.

*Paragraph A.5* requests that plaintiff specify how, when and in what manner the defendants named in Section IV of the bill of complaint have jointly infringed the patent in suit.

For the reasons set up under Paragraph A.2 above, this motion is denied.

*Paragraph A.6* requests that the plaintiff specify whether or not plaintiff will contend that the sale of edible nuts by defendants, or either of them, infringes the patent in suit.

Under Paragraph A.1 above the court directed that the plaintiff furnish particulars with reference to the claims of plaintiff's patent which it alleges have been infringed by the defendants. Such requirement is sufficient and will not be extended.

The motion set up in Paragraph A.6 is denied.

*Paragraph A.7 to A.10, inclusive,* requests that plaintiff specify whether or not plaintiff contends that defendants, Max J. Kelling, Robert S. Kelling, Carl Elmer Johnson and Paul M. Kleinwachter, have individually made, used or sold any machine which has infringed any claim of the patent in suit.

■ In Schiff v. Hammond Clock Co., 7 Cir., 69 F.2d 742, the court said (page

745 of 69 F.2d): "The test which determines an officer's liability for infringement of a patent by the corporation was set forth in Dangler, et al. v. Imperial Machine Co., 7 Cir., 11 F.2d 945." It may be stated as follows: "When one who is an officer of a corporation personally or individually participates in the manufacture or sale of the infringing article—that is, acts other than as an officer—or when he uses the corporation as an instrumentality to carry out his own wilful and deliberate infringements, or when he knowingly uses an irresponsible corporation for the purpose of avoiding responsibility for the damages resulting from patent infringements, he is liable jointly with the company."

■ Each of these defendants are charged in Section IV of the complaint with having "heretofore jointly and severally infringed and now are infringing said Letters Patent by manufacturing, selling, leasing and using nut treating machines embodying said patented invention, and by supplying such machines for use by others." This is a direct charge of participation by the individual defendants in the manufacture and sale of the machines claimed to infringe the patent of plaintiff, and comes within the rule stated in the above decision.

The motion of defendants under Paragraphs A.7 to 10, inclusive, will be denied.

*Paragraphs A.11 to A.16.* The motions under these paragraphs are waived by defendant, hence it is not necessary that the court pass upon same.

*Paragraph A.17* requests that plaintiff specify precisely in what manner, construction, operation and respects the nut treating machines complained of are "similar" to the machines adjudged to infringe the patent in suit in National Nut Co. v. Sontag Chain Stores Co., 9 Cir., 107 F.2d 318, as alleged in Section V.

An examination of the complaint shows that Section V and Section VI must be read together. Plaintiff alleges that the defendants aided, abetted, controlled and directed the defense of the action referred to, and are bound by all of the issues decided therein which were not reversed upon appeal to the Supreme Court of the United States, 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204. This amounts to a claim of prior adjudication as to the matters decided in the Circuit Court of Appeals in and for the Ninth Circuit which were not reversed on appeal.

■ It appears that the decision of the United States Circuit Court of Appeals was reversed by the Supreme Court. Under the authorities the reversal of a decree sets aside the adjudication of such decree and same becomes no longer of any force and effect. After the reversal the situation was as if no decree had been entered by the Circuit Court of Appeals. Kaplan v. Joseph, 7 Cir., 125 F.2d 602; Keller v. Hall, 9 Cir., 111 F.2d 129; Bondy v. Harvey, 2 Cir., 62 F.2d 521; Leader v. Apex Hosiery Co., 3 Cir., 108 F.2d 71.

Inasmuch as the court hereinafter under Paragraphs A(f) and (g) holds that Sections V and VI of the complaint should be stricken for the above reason, the motion of the defendants for a bill of particulars cannot be passed on by the court.

*Paragraph A.18.* This paragraph of the motion of the defendants has been waived so that it is unnecessary for the court to pass thereon.

The defendants have filed under Paragraphs A(a) to A(g) specifications of allegations in the complaint which defendants assert are immaterial, and they move to strike same from the complaint.

■ *Paragraph A(a)* is a motion to strike that part of the fifth paragraph of Section I of the complaint reading as follows: "and as such controls and directs the activities of said company and other companies, including defendants The Susu Nut Company and General Nut Company, associated therewith."

This is an allegation of direction of the activities of certain companies by the defendant, Max J. Kelling, and in the opinion of the court is sufficient.

The motion to strike under this paragraph will be denied.

*Paragraphs A(b) to A(d)* are motions to strike similar allegations with respect to the direction and control of the defendant, Max J. Kelling, as indicated the court is of the opinion that these allegations should not be stricken.

The motion to strike under these pleadings are all denied.

*Paragraph A(e)* seeks to strike all of the ninth, tenth, eleventh and twelfth paragraphs of Section I of the complaint.

In these paragraphs the plaintiff attempts to implead fictitious defendants, John Doe, Richard Roe and John Doe Company. As above set up under Paragraph A(2), the allegations of the com-

plaint as to fictitious defendants cannot be sustained.

For the reasons set forth above the motion of the defendants to strike paragraphs 9 to 11 of Section I of the complaint will be sustained.

*Paragraphs A(f) and (g)* of the motion to strike are now modified or amended by the Amended Motion of June 30, 1944. By the motions set up in these two paragraphs it was originally sought to strike portions of Section V and all of Section VI of the Complaint, and by the amended motion it is sought to strike all of Sections V and VI of the Complaint.

The court has already stated under Paragraph A.17 that the decision of the United States Circuit Court of Appeals in the Sontag suit as alleged in Sections V and VI of the Complaint, cannot operate as res judicata of any question because said decision was reversed by the Supreme Court of the United States. Therefore, the motion to strike Sections V and VI of the Complaint will be sustained.

### B. The Motions with Reference to the Anti-Trust Claim.

■ ' In suits with reference to the Sherman Act, the objects and purposes of the acts were to protect free competition. It has been held that such act is valid and that Congress has the power to establish rules by which interstate commerce shall be governed. Northern Securities Co. v. ·United States, 193 U.S. 197, 24 S.Ct. 436, 48 L.Ed. 679. It has also been held that the words "restraint of trade" does not embrace all those normal and usual contracts essential to individual freedom and the right to make which were necessary in order that the course of trade might be free. (United States v. American Tobacco Co., 221 U.S. 106, 31 S.Ct. 632, 55 L.Ed. 663.) The Clayton Act, 38 Stat. 730, was intended to operate as a supplement to the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, and had as its purpose to strike down two forms of competition where the effect may be to substantially lessen competition or tend to create a monopoly in any line of commerce. The Robinson-Patman Act, 15 U.S.C.A. §§ 13–13b, 21a, prohibits certain methods of competition which have the purpose or effect of injuring or eliminating competitions.

■ The court has examined the allegations under the anti-trust claim set up in the complaint in order to determine whether the facts alleged tend to substantially lessen competition, or tend to create a monopoly, or which injure or eliminate competition. As facts thus tending, the plaintiff alleges that the defendants

(1) unlawfully exacted from retail dealers throughout the United States an agreement to purchase from the respective defendant companies all unpatented and unpatentable supplies displayed and sold through the various machines supplied by the said companies respectively, in violation of 15 U.S.C.A. § 14.

In the opinion of the court if such facts are proved upon the hearing of this cause, such facts will tend to substantially lessen competition, or create a monopoly, or tend to injure or eliminate competition, and such allegation will be allowed to stand, and the motion for a bill of particulars with reference thereto is denied.

(2) unfairly and unlawfully discriminated among various dealers in the same and in different trade territories with respect to the consideration charged by the defendant companies of the same character, for the purpose and with the effect of destroying competition by plaintiff.

■ If the price fixed by the defendants for the purchase of machines sold by them is uniform, it may be lower than the price charged by plaintiff for its machines, without subjecting defendants to the charge of lessening competition, creating a monopoly, or injuring or eliminating competition. But a practice of underselling plaintiff in certain territory where plaintiff has an established business and maintaining a higher level of prices in other localities where competition with plaintiff or other companies is not so keen is a practice condemned by the anti-trust laws, and is a practice which may permit a remedy to plaintiff if such practices are established upon the trial of this cause, and a resulting damage to plaintiff is proved.

The motions to strike and for more particulars with reference to this allegation are, therefore, denied.

(3) unfairly and unlawfully discriminated among various dealers in the same and in different trade territory with respect to prices charged, discounts allowed and benefits extended to users of machines for goods supplied by the respective defendant companies, including:

(a) unwarranted price discriminations in different trade territories;

(b) unwarranted differences in discounts allowed to different dealers in the same and in different trade territories;

(c) the allowance to some customers but not to all, of quantity discounts upon cumulative purchases of small quantities of merchandise over extended periods of time;

(d) the furnishing of excessive free sample goods to some customers, but not to others;

(e) the unwarranted and discriminatory refunding to some customers but not to others of part or all of the consideration paid by them for the use of machines, by the issuance of credit memoranda, by furnishing merchandise without charge, by cash refund, and/or by other artifices;

(f) the furnishing of special services including advertising, the services of "hostesses", and similar benefits, to selected customers, without extending such services and benefits to other customers in the same and different trade territories.

■ Considering the above in their order, sub-paragraph (a) contains an allegation "unwarranted price discriminations." This amounts to a conclusion of the pleader. Different prices might be charged for the same article in different trade territories and still not tend to lessen or eliminate competition or create a monopoly. The differential in price might be justified by different conditions in the different trade territories, such as the difference between delivery in one territory and a "pick up" by the customer in another territory; a differential in freight rates in the different territories; and other instances might be cited. It, therefore, does not follow that different prices in different trade territories result in a violation of the anti-trust laws, but such difference may not be justified by any of the conditions which would lawfully permit a different price. Therefore, the plaintiff should specify in a bill of particulars what were the "unwarranted price discriminations" in different trade territories. The allegation will not be stricken as it will be considered in connection with the bill of particulars.

Motion to strike (a) denied, and motion for bill of particulars allowed.

■ Sub-paragraph (b) contains an allegation of "unwarranted differences in discounts". This allegation also amounts to a conclusion of the pleader. Discounts may be proper where they are allowed uniformly as a trade practice such as a discount of 2% for payment of an invoice if paid within a certain number of days after the date of the invoice and prior to the usual net payment of the invoice; but this trade discount must be uniform and extended to all customers. If the discount is based upon some circumstance which is not uniform with all customers, such as a discount allowed by chance, by a lottery, because the customer sends in another customer, or if the discount is allowed not as a general trade practice but as a cover up means of a differential in price in a certain territory when not allowed in another, then such discounts may be held with other circumstances as tending to lessen or eliminate competition or to create a monopoly. The plaintiff is, therefore, entitled to prove any facts with reference to discounts but such claims should be specifically set forth so that the charges are not general, when the general charge may be legal or illegal as the specific facts may demonstrate.

The motion for bill of particulars with reference to sub-paragraph (b) is allowed. Motion to strike same denied for same reason as under (a) above.

■ Sub-paragraph (c) contains the allegation of "the allowance to some customers but not to all, of quantity discounts upon cumulative purchases of small quantities of merchandise over extended periods of time."

This allegation, if proved, is material to the charges of violation of the anti-trust laws as tending to lessen or eliminate competition or to create a monopoly. However, the phrase "quantity discounts" does not completely and adequately set up the situation. A bill of particulars with reference to this phrase should be filed with the plaintiff and in all other respects the sub-paragraph should stand.

■ Under sub-paragraph (d) it is alleged that the defendants furnished excessive free sample goods to some customers, but not to others. The language of this paragraph requires clarification. The defendants could furnish free sample goods to some customers and not to others and this might or might not tend to lessen or eliminate competition. If the defendants were introducing their machine in a new territory, the furnishing of free samples might be permissive, but the furnishings of

free samples as a means of granting a differential in price to certain customers might tend to lessen or eliminate competition.

The wording of this paragraph also is not clear. The defendants could not furnish "excessive free samples" to all of its customers, yet the sub-paragraph alleges that "excessive free samples" were furnished to some customers but not to others. The pleader probably meant that free samples were furnished to all customers but that a considerably larger amount of free samples were given to some customers than to other customers. This sub-paragraph should be clarified.

The motion for bill of particulars with reference to this sub-paragraph is allowed.

■ *Under sub-paragraph (e)* the allegations refer to "the unwarranted and discriminating refunding to some customers but not to others of part or all of the consideration paid by them for the use of machines, by the issuance of credit memoranda, by furnishing merchandise without charge, by cash refund, and/or by other artifices."

The court is of the opinion that subject to the bill of particulars directed to be filed by plaintiff with reference to price discriminations and discounts that this sub-paragraph is proper and should be allowed to stand.

The motions for a bill of particulars and to strike this sub-paragraph are, therefore, denied.

■ *Under sub-paragraph (f)* the allegations refer to "the furnishing of special services including advertising, the services of 'hostesses' and similar benefits, to selected customers, without extending such services and benefits to other customers in the same and different trade territories."

As above pointed out, where the defendants were introducing their machine in new territory, special services consisting of advertising, etc., might be furnished without subjecting the defendants to any claim that same tended to lessen or eliminate competition. Therefore, two constructions may be placed upon these services, and the plaintiff should more particularly allege the character of same so as to bring them within the charge of lessening or eliminating competition.

Therefore, the motion for bill of particulars with reference to this sub-paragraph is allowed and motion to strike denied.

*Under paragraph (4)* allegations are made concerning the utilization of equipment, personnel, resources and credit of each of the defendant companies for aiding the other defendants to violate said anti-trust laws.

This allegation is merely an allegation of joint operation by the various defendants and it will be allowed to stand.

Motion for bill of particulars and to strike denied.

*Under paragraph (5)* allegations are made concerning the commingling of stocks of machines, parts and merchandise for the purpose as therein alleged.

This allegation may stand, motion for bill of particulars and to strike denied.

■ *Under Section X* a general allegation of damages is made. The element of damage to the business of plaintiff is a matter of proof on the trial of this cause. Plaintiff might add that it lost customers, that its credit was destroyed, etc., but such allegations would not add to the allegations of damage when taken in connection with the other allegations in the complaint with reference to plaintiff's business. The question of damage can best be determined by interrogatories, by depositions or at the hearing of this cause.

Motion for bill of particulars and to strike said Section X both denied.

C. *The Motions with Reference to the Unfair Competition Allegations in the Complaint.*

The claim of plaintiff on the charge of unfair competition against the defendants is based on claimed acts of defendants as follows:

(1) supplying to users machines infringing plaintiff's patent rights, for a consideration substantially less than the reasonable value of said machines, for the purpose and with the effect of destroying competition by plaintiff;

(2) unfairly advertising and otherwise representing to users and prospective users of defendants' machines that such users require licenses from defendants or certain of them and are licensed by said defendants under alleged patent rights relating to methods and apparatus for treating edible nuts, for the purpose and with the

effect of inducing such users to acquire and use said infringing machines; whereas in fact such licenses from defendants or certain of them have been and now are unnecessary and of no material advantage or benefit to said users and the use of said machines by said users places them in the position of infringers of plaintiff's patent rights;

(3) unfairly disseminating, among the retail trade, false and misleading statements with respect to the alleged cost of operating the machines acquired from defendants or certain of them as compared to the alleged cost of operating plaintiff's machines made under plaintiff's patent herein referred to, for the purpose and with the effect of inducing retail dealers to acquire and use defendants' infringing machines rather than plaintiff's patented machines.

The defendants have moved to strike Section XI which contains said allegations and Section XII which relates to damages on the ground that they do not set up a cause of action against the defendants for unfair competition.

In determining whether plaintiff's charge of unfair competition can be sustained, we must determine same by the law of the State of Illinois. In the case of Time v. Viobin Corporation, 7 Cir., 128 F.2d 860, 862, this question was passed on, the court saying: "We think there can be no question but that plaintiff's charge of unfair competition must be determined by the law of Illinois. This court so decided in Addressograph-Multigraph Corporation v. American Expansion Bolt & Mfg. Co., 7 Cir., 124 F. 706, 708. It may be pertinent to note of this case that there was no charge of trade-mark infringement, but it related solely to unfair competition. We reiterated our holding in this respect in the recent case of Rytex Co. v. Ryan, 7 Cir., 126 F.2d 952. In this case, as in the instant one, both trade-mark infringement and unfair competition were in issue. The validity of our holding in these two cases appears to have been approved in the recent decision of the Supreme Court in Pecheur Lozenge Co., Inc., Petitioner v. National Candy Co., Inc. [315 U.S. 666], 62 S.Ct. 853, 86 L.Ed. [1103] wherein the court said: '* * * The only cause of action that this record could possibly support is for unfair competition and common law "trade-mark infringement", to which local law applies.'"

In passing on the law of Illinois in unfair competition cases, the court said (128 F.2d at pages 862, 863):

"Some of the more important Illinois cases which announce the determinative rule as to unfair competition are: DeLong Hook & Eye Co. v. Hump Hairpin Mfg. Co., 297 Ill. 359, 130 N.E. 765; [Nestor] Johnson Mfg. Co. v. Alfred Johnson Skate Co., 313 Ill. 106, 144 N.E. 787; The Stevens-Davis Co. v. Mather & Co., 230 Ill. App. 45, and Soft-Lite Lens Co., Inc., v. Ritholz, 301 Ill.App. 100, 21 N.E.2d 835. In the Stevens-Davis case is found a lengthy discussion and analysis of Illinois cases, as well as those of other jurisdictions, and a determination that the so-called 'palming off' doctrine is the rule in Illinois. On page 65, of 230 Ill.App., the court said: 'The courts in this State do not treat the "palming off" doctrine as merely the designation of a typical class of cases of unfair competition, but they announce it as the rule of law itself—the test by which it is determined whether a given state of facts constitutes unfair competition as a matter of law. * * *'

"This rule was later approved in the Soft-Lite case, supra.

"Plaintiff contends that the rule thus announced does not defeat its cause of action for the reason that defendant is 'palming off' its goods as those of the plaintiff by representing that the plaintiff is in some way identified with, and is sponsoring and approving, defendant's product. We are satisfied, however, that the Illinois decisions do not permit an interpretation of the 'palming off' doctrine so as to include results so indirect and speculative in their nature. It consists of passing off or attempting to pass off the goods of one person as and for those of another. As was said in the Stevens-Davis case, supra, pages 66, 67 of 230 Ill.App.:

"'* * * Each case is not to be left to the discretion of the court to be decided according to the court's idea of justice and right. The "palming off" rule is expressed in a positive, concrete form which will not admit of "broadening" or "widening" by any proper judicial process. It is rigid and inelastic. * * *

"'We feel bound, therefore, to follow the rule of law of this State, and to hold that unfair competition "consists in the sale of the goods of one manufacturer or vendor for those of another, and if defendant so

conducts its business as not to palm off its goods, as those of complainant, the action fails." DeLong Hook & Eye Co. v. Hump Hairpin Mfg. Co., supra.'"

The later case of Lady Esther, Ltd. v. Lady Esther Corset Shoppe, 317 Ill.App. 451, 454, 455, 46 N.E.2d 165, 167, adhered to the "palming off" doctrine where there is competition between the parties, the court said: "Counsel for defendant contends that 'Illinois adheres to the "palming off" rule in case of unfair competition. Where there is no competition, there can be no "palming off." Since defendant was not in competition with the plaintiff, in any manner whatsoever, plaintiff was not entitled to the injunction prayed for in its complaint.' And in support of this four Illinois cases are cited: Stevens-Davis Co. v. Mather & Co., 230 Ill.App. 45; DeLong Co. v. Hump Hairpin Co., 297 Ill. 359, 130 N.E. 765; [Nestor] Johnson Mfg. Co. v. Johnson Skate Co., 313 Ill. 106, 144 N.E. 787, and Ambassador Hotel Co. v. Hotel Sherman Co., 226 Ill.App. 247. Without stopping to analyze the four cases, we think it sufficient to say that an examination of them discloses the fact that in each there was direct competition between the parties in the business each was conducting—plaintiff and defendant being engaged in the same line of business—and therefore the 'palming off' rule was applicable. The holding in those cases, that where there was direct competition between plaintiff and defendant there must be a 'palming off' to warrant relief, is far from saying that courts will not grant injunctive relief where the defendant's conduct is likely to cause confusion of the traders so that the public believes or is likely to believe that the goods of the defendant are the goods of the plaintiff, or that the plaintiff is in some way connected with or is a sponser of the defendant. In such situation relief will be granted although there is no competition."

■ This is an extension of the "palming off" doctrine to the extent that any attempt by a person to capitalize on the reputation or good will of another is declared unfair trade and will be enjoined, even in the absence of "palming off" or competition between the parties.

In the case of Investors Syndicate v. Hughes, 378 Ill. 413, 422, 38 N.E.2d 754, 759 the court in passing on the modern trend in unfair competition cases said: "Even in injunction cases between competing corporations the trend of decision is to place less emphasis on competition and more on confusion * * *: Vogue Co. v. Thompson-Hudson Co., 6 Cir., 300 F. 509, Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A.1918C, 1039. As was said in Ward Baking Co. v. Potter-Wrightington, 1 Cir., 298 F. 398, 403, 'The test should be whether the public is likely to be deceived.'"

■ Assuming that those two cases extend the law of unfair competition where there is competition between the parties to include cases where there is no "palming off", it must still be observed that both those cases hold that to warrant injunctive relief the defendants' conduct must be likely to cause confusion as to the product of the two parties, so that the public believes that the goods of the defendant are the goods of the plaintiff or that the plaintiff is in some way connected with or a sponsor for the defendant. This is an extension of the rule to include non-competing parties within the unfair trade rule. But where there is competition between the parties as in the present case, the most that can be said is that there must be a confusion of the plaintiff's goods with those of the defendants' in the eyes of the public, and that constitutes no variation of the "palming off" doctrine.

■ There are no allegations in the complaint of confusion between the machines of plaintiff and the defendants, and there is no charge that the defendants are "palming off" their machines as those of plaintiff. The allegations under this head fairly belong under the anti-trust charges. The facts alleged, if proved, might be considered to show acts of the defendants to lessen competition and to create a monopoly.

The court holds that there are no sufficient allegations in the complaint to substantiate a claim of unfair competition. The preamble to Section XI and Section XII will be stricken from the complaint. The allegations of Section XI may stand (if the plaintiff so elects) as allegations under the anti-trust portion of the complaint. If the plaintiff does not so elect, then said Section XI will also be stricken.

In view of the foregoing it is not necessary that the court pass on the motions for a bill of particulars as to Sections XI and XII of the complaint.

Orders may be prepared for entry in accordance with the above.