Justice Stevens,
concurring in part and dissenting in part.
While I agree that this case is moot and join Parts I and II of the Court’s opinion, I would not vacate the judgment of the Court of Appeals. Following the teaching of our decision in U. S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U. S. 18 (1994), I would apply the general rule against vacating appellate judgments that have become moot because the parties settled.
Bancorp set forth the basic principles for determining whether to vacate a case that has become moot. The overriding concern is equitable: “From the beginning we have disposed of moot cases in the manner ‘ “most conso *98 nant to justice” ... in view of the nature and character of the conditions which have caused the case to become moot.’ ” Id., at 24 (quoting United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft, 239 U. S. 466, 477-478 (1916), in turn quoting South Spring Hill Gold Mining Co. v. Amador Medean Gold Mining Co., 145 U. S. 300, 302 (1892); alteration in original). The “public interest” must be considered as part of this equitable inquiry, Bancorp, 513 U. S., at 26, 27, and that interest is generally better served by leaving appellate judgments intact. “‘Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants ....’” Id., at 26 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U. S. Philips Corp., 510 U. S. 27, 40 (1993) (Stevens, J., dissenting)). Hence, we will typically vacate a judgment when the party seeking review has been “frustrated by the vagaries of circumstance” or “when mootness results from unilateral action of the party who prevailed below.” Bancorp, 513 U. S., at 25. But we will typically decline to vacate when “the party seeking relief from the judgment below caused the mootness by voluntary action,” id., at 24, including action taken in good faith and in conjunction with the opposing party. Even when “respondent agreed to [a] settlement that caused the mootness,” it remains “petitioner’s burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate not merely equivalent responsibility for the mootness, but equitable entitlement to the extraordinary remedy of vacatur.” Id., at 26. “[Mjootness by reason of settlement does not justify vacatur of a judgment under review.” Id., at 29.
In my view, the Court has misapplied these principles. To be sure, the “settlement” between the parties in this case might be distinguished from the more conventional settlement reached by the parties in Bancorp. And we have no evidence to suggest that the State returned respondents’ property prior to the conclusion of our review with the pur *99 pose or expectation of manufacturing mootness. Nevertheless, the State’s decision to return the automobiles when it did appears to have been legally discretionary, as was the “compromise settlement” that it reached with respondent Waldo regarding her cash, ante, at 96. In light of the State’s purposive and voluntary action that caused the mootness— along with its failure to alert us to the relevant facts or to explain why vacatur would serve the public interest — I believe it has failed to carry its burden to “demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur.” Bancorp, 513 U. S., at 26.
There was a third option for disposing of this case: We could have dismissed the writ of certiorari as improvidently granted. Like denying the petition in the first place, that disposition would have preserved the judgment below. At the time we granted certiorari on February 23, 2009, petitioner had already resolved the underlying property disputes for five of the six named respondents. See ante, at 91-92, 95-96. It was entirely predictable that the final settlement would soon follow. Moreover, the briefing in this case has revealed a disagreement over basic descriptive questions of Illinois law, questions that were not passed upon below. Compare Brief for Petitioner 60-66 with Brief for Respondents 41-44. And, of course, we have no way of knowing how the District Court would have applied the Court of Appeals’ remand order, which left it great discretion to “fashion appropriate procedural relief” “with the help of the parties.” Smith v. Chicago, 524 F. 3d 834, 838 (CA7 2008). It has become clear that the Court was overhasty in deciding to review this case; the improvidence of our grant provides an additional reason why we should not vacate the work product of our colleagues on the Court of Appeals.
I respectfully dissent from Part III of the Court’s opinion and from its judgment.