## WOOD-PAPER COMPANY *v.* HEFT.

1. An appeal upon a bill for the infringement of a patent dismissed, it ap-
   pearing that after the appeal the appellants had purchased a certain
   patent to the defendants, under which the defendants sought to protect
   themselves; and that the defendants as compensation had taken stock

---

* 13 Stat. at Large, 487.

† Winthrop's Digest of Opinions of Judge Advocate-General, 264.

in the company which had unsuccessfully sought to enjoin them, and was now appellant in the case.

2. The fact that *damages* for the infringement alleged in the bill had not been compromised, held not to affect the propriety of the dismissal.

ON motion to dismiss an appeal from the Circuit Court for the Eastern District of Pennsylvania. The case was thus:

In August, 1865, the American Wood-paper Company filed a bill in the court below to enjoin Heft, Dixon, and other defendants, against infringing certain patents owned by the company for improvements in paper-making; these patents, including one to Watt & Burgess, granted on the 2d July, 1854, the other to M. A. Miller, on the 26th May, 1857.

The answer of the defendants set up, among other defences: 1st. The want of novelty; and, 2d, that they manufactured paper under inventions and patents of Dixon, one of the defendants. Proofs were taken on both sides, and, after the hearing of counsel on the 22d November, 1867, the bill was dismissed; and the case was subsequently brought here by appeal.

Pending this appeal, one Meach asked leave to intervene by counsel, upon an allegation that, since the decree below, the case had been settled, and that it was now carried on without the appellees having any further interest in the defence, and for the purpose of obtaining the decree of this court in favor of the complainants to influence suits pending in the circuits in their favor and against strangers to this suit, and in which the same questions are involved; and that the intervenor was a defendant in one of these suits. The application of Meach being allowed, a commission issued to take proofs in the matter, and these being before the court, the motion to dismiss came on to be heard. It appeared, as this court assumed, from the proofs under the commission, that at the time when the original bill was filed, to wit, in August, 1865, the Dixon patents, which were set up as one of the defences to the suit, were owned, two-thirds by one Harding and one-third by Dixon, the inventor; the two-thirds having been conveyed in December, 1864, the co-defendants of Dixon having no interest therein, ex

cept working under them in the manufacture of paper. It further appeared that in the autumn of 1868, about one year after the decree dismissing the bill, Harding and Dixon sold and transferred all their interest in the Dixon patents to the complainants, and received for the same eighteen hundred shares of the stock of their company at par value, which was $100 per share, nominally $180,000, and this for one-half the interest in the patents; for the other half the complainants confirmed the licenses that had been granted under the Dixon patents.

This was the account of the sale given by Dixon, who was examined as a witness under the commission. One Hay, the general agent of the complainants, testified that the purchase was made with Harding, and that stock to the amount of two thousand shares was given, and that two certificates with blank vouchers of attorney were made out, and delivered to Harding, one for eighteen hundred, and the other for two hundred shares. Dixon stated that Harding transacted the business with the complainants for him, and with his concurrence.

The evidence, it should be added, tended to show that Dixon had agreed to keep Heft and the other defendants harmless.

*Mr. B. F. Butler, in support of the motion,* argued that on the case presented the appellant had become the sole party in interest; that the controversy was thus a fictitious one; and on the authority of both English and American precedents* ought to be dismissed.

*Mr. Jenkes, contra,* contended that the evidence rightly viewed did not present such a case as opposite counsel assumed from it; that a fictitious case was not to be supposed, but, on the contrary, required clear proof; and that, even if now late in the controversy, the appellant had, without the

---

* Hoskins *v.* Lord Berkeley, 4 Term, 402; In the matter of R. J. Elsam, 3 Barnewall & Creswell, 597; Fletcher *v.* Peck, 6 Cranch, 147, 8; Lord *v.* Veazie, 8 Howard, 251; Cleveland *v.* Chamberlain, 1 Black, 425.

knowledge of counsel, become the *dominus litis* on both sides, still that the question of damages for infringement on the bill remained to be adjusted, and that this required a settlement of the merits as they originally stood.

Mr. Justice NELSON delivered the opinion of the court.

The case, as it now stands, is this: The complainants having purchased in the patents under which the suit was defended, own both sides of the subject-matter of this litigation; and, further, the owners of the Dixon patents having taken, in consideration for the sale, stock in the complainants' company, their interest has been transferred to the side of the complainants.

It is said, notwithstanding all these negotiations, exchanges, and transfers, the *damages* for the alleged infringement in the bill have not been compromised. But, before that question can be reached, as the bill was dismissed below, this court must hear and determine the question on the merits, whether or not the defences set up in the answer are sustained upon the proofs. If the court should determine they were not, then the question of damages would arise; if otherwise, not. Now, upon this question of merits, the complainants own both sides of the litigation, and control them; and, in the language of the Chief Justice, in the case of *Lord* v. *Veazie*,* "the plaintiff and defendant have the same interest, and that interest adverse, and in conflict with the interest of third persons, whose rights would be seriously affected, if the question of law was decided in the manner that both parties to this suit desire it to be." And, for this reason, the case should not be heard by this court.

If anything further was necessary to show that the litigation is no longer a real one; even if the suit should proceed, and the question of damages be reached, there would be the same interest on both sides, Dixon, one of the defendants, since the sale of his patents, having a large interest on the side of the complainants, and, as defendant, would be

_____

* 8 Howard, 255.

subject to his payment of part, or the whole amount, of the damages recovered. Indeed, the weight of the proofs is, that he has bound himself to keep his co-defendants harmless.

The motion to dismiss the case, for the reasons above given, must be                                       GRANTED.