**ADVANCE TRANSFORMER CO.,**
**Plaintiff–Appellee,**

v.

**Melvin L. LEVINSON,**
**Defendant–Appellant.**

No. 87–1011.

United States Court of Appeals, Federal Circuit.

Jan. 28, 1988.

James T. Williams, Neuman, Williams, Anderson & Olson, Chicago, Ill., argued, for plaintiff-appellee. With him on the brief were Theodore W. Anderson and Todd P. Blakely.

Harry B. Keck, Pittsburgh, Pa., argued, for defendant-appellant. With him on the brief was Thomas H. Murray.

Before NEWMAN and BISSELL, Circuit Judges, and RE, Chief Judge.[*]

PAULINE NEWMAN, Circuit Judge.

Melvin L. Levinson appeals the judgment of the United States District Court for the Northern District of Illinois, which held invalid and not infringed his United States Patents Nos. 3,876,956 and 3,792,369, refused to declare an interference under 35 U.S.C. § 291, and awarded attorney fees to the declaratory plaintiff Advance Transformer Co.[1]

We affirm the judgments of noninfringement of United States Patents No. 3,876,-

---

[*] The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. § 293(a).

1. *Advance Transformer Co. v. Levinson*, 231 USPQ 1 (N.D.Ill.1986).

956 and No. 3,792,369, and vacate the judgments of invalidity with respect to both patents. The refusal to declare an interference is affirmed. The award of attorney fees is reversed.

### OPINION [2]

*Infringement of U.S. Patent No. 3,876,956*

The district court analyzed infringement by the accused microwave power supplies in terms of the circuitry shown in Feinberg United States Patent No. 3,396,342. Mr. Levinson disputes the extent to which the circuits in the Feinberg patent and those in the accused devices are the same. He also argues that the claims of the '956 patent are infringed by the accused devices even if they embody the Feinberg circuitry.

The district court found that the '956 patent did not disclose and claim a high leakage reactance transformer, which is required by the Feinberg circuitry and is used in the accused devices. The circuit of the '956 patent requires a fixed reactance that is non-saturating. Levinson argues that Feinberg does use a non-saturating fixed reactance. The district court relied on Levinson's statement to the Patent and Trademark Office ("PTO"), in the course of distinguishing his pending patent application from the issued Feinberg patent that had been cited as prior art, that Levinson's claim limitation to "a non-saturating, fixed reactance in series" is not shown by Feinberg. The court also relied on other representations by Levinson to the PTO during prosecution of the continuation-in-part applications that led to the issuance of the '956 patent.

■ Positions taken in order to obtain allowance of an applicant's claims are pertinent to an understanding and interpretation of the claims that are granted by the PTO, *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 870-71, 228 USPQ 90, 96 (Fed.Cir. 1985), and may work an estoppel as against a subsequent different or broader interpre-

tation, *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1362, 219 USPQ 473, 481 (Fed.Cir.1983). In the case at bar the distinctions that were drawn by Levinson before the PTO, emphasizing that Levinson and Feinberg had not described the same, or overlapping, inventions, were critical to the question of infringement by the Feinberg circuitry. The district court did not err in placing controlling reliance on Levinson's interpretation to the PTO of his and Feinberg's inventions.

■ We have been shown no clear error in the district court's finding that devices containing the circuitry of the Feinberg patent do not infringe the claims of Levinson's '956 patent. Nor has it been shown that the accused devices do not contain the Feinberg circuitry. The judgment of noninfringement is affirmed.

### *The Requested Interference*

The district court denied Mr. Levinson's request for a declaration that his '956 patent and Feinberg's patent are interfering patents in terms of 35 U.S.C. § 291.

Although Mr. Levinson correctly observes that section 291 uses the words "interfering patents", not "interfering claims", he is incorrect in stating that the claims are not controlling. Levinson also incorrectly states the law: interfering patents are not patents that are or may be infringed by the same device; interfering patents are patents that claim the same subject matter. *Albert v. Kevex Corp.*, 729 F.2d 757, 758 n. 1, 221 USPQ 202, 204 n. 1 (Fed.Cir.), *reh'g denied*, 741 F.2d 396, 223 USPQ 1 (1984).

■ It is thus correct, and necessary, to compare claims, not disclosures, when comparing issued patents under section 291. The district court's findings 130–132, pointing out differences between the Levinson and the Feinberg claims, have not been shown to be clearly erroneous.

■ The district court found, and apparently gave weight to, the fact that Levin-

---

**2.** A detailed exposition of the background of this action, the circuitry of the accused systems, the content of the patents at issue, the prior art, and other aspects of the dispute, are contained in the district court's thorough opinion and will not be repeated.

son had made no attempt to provoke an interference during the pendency of his several applications, and that the PTO had not declared an interference. Although these factors are not controlling, they may be considered as evidence of an absence of identity of the claimed inventions.

■ It was not the district court's responsibility to determine, from the respective specifications, whether interfering claims *could* have been granted in each patent. The threshold issue under section 291 is whether the patents contain claims to the same subject matter. As a guide to determining whether the claimed subject matter is the same, the district court did not err in determining whether the claims "cross-read" on the disclosure of the other's patent, and thus whether each patentee could have made, based on his own disclosure, the claims that were granted to the other. The court's conclusion that the claimed inventions are not the same has not been shown to be in error.

The judgment that these patents are not interfering under section 291 is affirmed.

### Validity of the '956 Patent

Our affirmance of the district court's determination that the '956 patent is not infringed by devices embodying the Feinberg circuitry, and that there is no basis for declaring an interference, resolves the controversy as to the '956 patent. On appeal we do not review the determination of invalidity, when our affirmance of the holding of noninfringement resolves the dispute. *Vieau v. Japax, Inc.*, 823 F.2d 1510, 1517, 3 USPQ2d 1094, 1100 (Fed.Cir.1987). There is no issue between the parties as to any devices other than those that use the Feinberg circuitry, and no continuing dispute dependent on the issue of patent validity. See *Altvater v. Freeman*, 319 U.S. 359, 364–65, 63 S.Ct. 1115, 1118–19, 87 L.Ed. 1450, 57 USPQ 285, 288–89 (1943). The determination that the '956 patent is invalid is vacated.

### Validity and Infringement of U.S. Patent No. 3,792,369

Based on Mr. Levinson's assertion of the '369 patent against Advance Trans-

former and its customers, Advance Transformer included the '369 patent in its declaratory judgment complaint of invalidity and noninfringement. Well before the start of trial Levinson withdrew his compulsory counterclaim of infringement of the '369 patent, and the court stated in its Order of November 9, 1981 that "the memoranda of both parties indicate that any claims with regard to this patent have been abandoned." Although these actions appear to have removed all case and controversy as to the '369 patent, subsequently there was inconclusive correspondence between the parties, and Levinson at the start of trial moved the court to rule that Advance Transformer would be barred from any future assertion that its devices did not infringe the '369 patent.

■ Neither party presented evidence on the question of infringement of the '369 patent. The district court held that the '369 patent remained in the case and that Levinson had not met his burden of proving infringement. Findings 134–139, *Advance Transformer*, 231 USPQ at 15. On appeal, Levinson does not argue that the finding of noninfringement is in error. On this tangled procedural posture, we conclude that the district court did not clearly err in treating infringement as at issue, and in finding noninfringement.

Although some evidence as to invalidity was adduced, the issue of validity of the '369 claims is mooted by the holding of noninfringement. Thus we need not discuss Levinson's arguments such as the sufficiency of the admittedly scanty findings and conclusions, or the absence of claim by claim analysis, or the invalidation of claims that were never placed at issue. The holding that the '369 patent is invalid is vacated.

### Attorney Fees

The district court stated that "Levinson's pursuit of this unwarranted action as manifested by his lack of proof at trial, makes this case exceptional", *Advance Transformer*, 231 USPQ at 19, and assessed at-

torney fees in favor of Advance Transformer.[3] Levinson argues that he didn't start the action, that he defended adequately and appropriately, and that as a declaratory judgment defendant he was required to do no more than defend his position or, indeed, rely on the presumption of patent validity in his favor.

An exceptional case must be established by clear and convincing evidence. *Reactive Metals and Alloys Corp. v. ESM Inc.*, 769 F.2d 1578, 1582, 226 USPQ 821, 824 (Fed.Cir.1985). "There must be some finding of unfairness, bad faith or inequitable conduct on the part of the unsuccessful patentee." *Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705, 713, 218 USPQ 969, 976 (Fed.Cir.1983). In *Machinery Corporation of America v. Gullfiber AB*, 774 F.2d 467, 227 USPQ 368 (Fed.Cir. 1985), this court considered the additional factor whereby a declaratory judgment action is brought against a patentee by an erroneously accused infringer. We concluded that the court could consider whether the patentee acted in good faith in making the threats of infringement that led to the filing of the declaratory judgment action. The court also affirmed that a finding of "exceptional circumstances" under section 285 requires "proof of actual wrongful intent ... or gross negligence". *Id.* at 473, 227 USPQ at 373 (quoting *Reac-*

---

**3.** 35 U.S.C. § 285: The court in exceptional cases may award reasonable attorney fees to the prevailing party.

*tive Metals*, 769 F.2d at 1583, 226 USPQ at 825.) In the case at bar there were no findings of bad faith or of fraudulent or inequitable conduct. On the last day of the trial the court commended the parties on their conduct of the trial.

The record shows that Levinson litigated all issues except those connected with the '369 patent, which in turn received almost no attention from Advance Transformer at trial. Advance Transformer has not referred to support in the record for the type of conduct required for a finding of "exceptional case." Levinson's position on the merits was not totally without substance, and the presumption of validity accompanying the issuance of his patents can not be ignored.

The district court's finding that this is an "exceptional case" is clear error. The award of attorney fees is reversed.

Each party shall bear its costs on appeal.

AFFIRMED IN PART, VACATED-IN-PART, REVERSED IN PART