Gordon GOULD, Refac International, Limited, Patlex Corporation, and Creative Patents, Inc., Plaintiffs–Appellants,

v.

CONTROL LASER CORPORATION and Holobeam Laser Corporation, Defendants–Appellees.

No. 88–1121.

United States Court of Appeals, Federal Circuit.

Jan. 30, 1989.

Steven L. Brannock, Holland & Knight, Tampa, Fla., argued for plaintiffs-appellants. With him on the brief were Warren M. Goodrich, William B. deMeza and Elizabeth Bevington.

Defendants–Appellees did not appear.

George E. Badenock, Kenyon & Kenyon, New York City, argued for, and Richard L. Mayer, Scott A. Wieser and Nicholas N. Leach were on the brief for, amicus curiae NBB–Medizintechnik GmbH.

Karl A. Limbach and Michael A. Stallman, Limbach, Limbach & Sutton, San Francisco, Cal., were on the brief for amicus Coherent, Inc.

James W. Geriak and James H. Shalek, Lyon & Lyon, Los Angeles, Cal., and William E. Mouzavires and Thomas J. Morgon, Lyon & Lyon, Washington, D.C., were on the brief for amicus curiae Spectra–Physics, Inc.

Before ARCHER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.

ARCHER, Circuit Judge.

## ORDER

Gordon Gould, Refac International, Limited, Patlex Corporation, and Creative Patents, Inc., (Patlex) appeal from the judgment of the United States District Court for the Middle District of Florida, Orlando Division, holding claims 1, 6, 8 and 10 of U.S. Patent No. 4,053,845 ('845) invalid.[1] Control Laser Corp. and Holobeam Laser Corp. (Control Laser) informed this court by letter that it will not appear and defend this appeal.

## I

The '845 patent, directed toward laser amplifiers, issued October 11, 1977 to Gordon Gould. This case is a consolidation[2] of two patent infringement suits filed in 1977 and 1978 by Patlex[3] against Control Laser. Control Laser counterclaimed for patent invalidity and damages for alleged antitrust violations. The issues of validity and infringement of the '845 patent were severed from the issue of damages and set for sequential jury trials.

After trial, the jury returned a verdict finding all of Control Laser's products to infringe claims of the '845 patent, if valid, but found claims 1, 6, 8 and 10 invalid. On November 5, 1987, during the damages portion of the trial and before submission of the damages issues to the jury, the parties announced that a settlement had been reached. A written agreement between Patlex and Control Laser, to which other parties are signatories, was represented by

counsel for all parties to be the settlement agreement. Upon the request and agreement of counsel for all parties, the court ordered the agreement filed. According to the district court:

> With the settlement of the then pending issues of damages, the matter was ripe for post trial motions. Plaintiffs moved for the entry of a judgment in their favor notwithstanding the verdict on the issues of the validity of claims 1, 6, 8 and 10. The motion was denied by the court. Counsel for all parties then agreed that immediate entry of final judgment would be timely and that judgment in the form set forth herein would correctly reflect the disposition which had been made (a) of the issues which had been fully tried; (b) of the issues which had been partially tried and settled; and (c) of the issues on which trial had not yet commenced.

The district court's "Final Judgment" provided that: "Claims 1, 6, 8, and 10 ... are invalid."

The settlement agreement also included a transfer to Patlex of an ownership interest in and voting control over Control Laser.

## II

■■■ Settlement moots an action, *Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985); *International Union v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir.1983), although jurisdiction remains with the district court to enter a consent judgment. *Swift & Co. v. United States*, 276 U.S. 311, 327, 48 S.Ct. 311, 315, 72 L.Ed. 587 (1928). *See generally* 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3533.2 at 233–35 (1975).[4] When the case

---

**1.** Claims 2, 3, 4, 5, 7, 9, 11 and 12 were held not invalid, and claims 1, 2, 3, 7, 8, 9, 10, 11 and 12 were found to be infringed, if valid.

**2.** Case No. 77–438–Civ–ORL–19 (M.D.Fla.) and Case No. 78–344–Civ–ORL–19 (M.D.Fla.) were consolidated by Order entered November 27, 1978.

**3.** Gould sold a substantial portion of his patent rights to Patlex Corporation and Refac Interna-

tional, Ltd. *See Patlex Corp. v. Mossinghoff,* 585 F.Supp. 713, 717 (E.D.Pa.1983).

**4.** The dissent says "[t]his case was already moot when the trial court entered its final judgment and the judgment was therefore improperly entered." The cases cited by the dissent are inapposite; in each, there was no case or controversy, and no jurisdiction, from the outset. Here, the district court clearly had jurisdiction at the outset and jurisdiction remained to enter the consent judgment.

between the parties has been settled, there is no actual matter in controversy essential to the decision of the particular case before it. *See Local No. 8–6, Oil, Chemical & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 394, 4 L.Ed.2d 373 (1960) (*citing United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1919)).

Patlex in its brief on appeal argues:

Rather than risk a substantial adverse damage verdict, Control Laser decided to settle and, as part of the settlement, accepted a license on the patent-in-suit from Patlex.... Control Laser no longer has any economic interest in continuing the litigation and has informed the court that it will not be participating in the appeal.

Patlex further explains that "Control Laser's decision not to participate in this appeal stemmed from its decision to settle.... Once it took a license, Control Laser would have had no interest in appearing before this Court." Thus, Patlex concedes that there is no longer any controversy between the parties. Without any controversy, this court is without jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *Local No. 8–6*, 361 U.S. at 367, 80 S.Ct. at 394 (the duty of the court is to decide actual controversies).

■ Patlex states that "[t]he settlement agreement did not address or affect the jury's finding that claims 1, 6, 8 and 10

were invalid. However, in the agreement, Patlex reserved its right to attack those findings through a motion for judgment notwithstanding the verdict and then an appeal, if necessary." [5]

■ This agreement by the parties cannot confer jurisdiction on this court. "Want of jurisdiction ... may not be cured by consent of the parties...." *Industrial Addition Ass'n v. Commissioner*, 323 U.S. 310, 313, 65 S.Ct. 289, 291, 89 L.Ed. 260 (1945); *accord United States v. Alaska S.S. Co.*, 253 U.S. at 116, 40 S.Ct. at 449; *Utter v. Hiraga*, 845 F.2d 993, 997, n. 1, 6 USPQ2d 1709, 1713, n. 1 (Fed.Cir.1988); *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed.Cir.1983). "The Constitution of the United States, not private litigants, confers jurisdiction on this court to hear cases." *International Union*, 697 F.2d at 723. Nor is the reservation of this issue in the settlement agreement sufficient to maintain the controversy between the parties. Control Laser is now licensed under the claims of the patent found valid by the district court (and the invalid claims of the patent should the district court's invalidity determination be reversed). Thus, as explained by Patlex, Control Laser, as a result of the settlement agreement, "no longer has any economic interest in continuing the litigation."

■ This case is moot for a second related reason. By virtue of the settlement agreement, Patlex has become the *dominus litis* on both sides. "[I]t is elemental that there must be parties before there is a case or controversy." *Ellis v. Dyson*, 421

---

5. The dissent interprets the quoted statement as an argument by Patlex "in effect, that it did not settle the issues of the validity of claims 1, 6, 8, and 10." The settlement agreement submitted in the Joint Appendix provides, however, that the litigation "shall be settled and judgment entered in the form attached hereto as Exhibit D." Although Exhibit D was not included in the record on appeal, the district court entered a judgment that "[c]laims 1, 6, 8, and 10 ... are invalid." If this was not the judgment Patlex consented to, it did not so argue before this court.

More importantly, however, as the dissent recognizes, a partial settlement will render a

case moot when the issues not settled are mooted by that settlement. The settlement provided for a license to Control Laser under the valid claims. As a result, Control Laser no longer infringed the patent and the issue of the validity of the claims that were found to be invalid became moot. *See Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1084, 5 USPQ2d 1600, 1603 (Fed.Cir.1988); *Sun–Tek Indus., Inc. v. Kennedy Sky Lites, Inc.*, 848 F.2d 179, 183, 6 USPQ2d 2017, 2020 (Fed.Cir.1988); *Fonar Corp. v. Johnson & Johnson*, 821 F.2d 627, 634, 3 USPQ2d 1109, 1114 (Fed.Cir.1987), *cert. denied*, ─── U.S. ───, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988).

U.S. 426, 434, 95 S.Ct. 1691, 1696, 44 L.Ed. 2d 274 (1975).

The fact that seemingly adverse parties appear on two sides of an action is not controlling. If one party is actually and formally in control of the other party, adjudication must be refused. As explained by the Supreme Court:

> since the decision in the Circuit Court, "the control of both the corporations, parties to this suit, had come into the hands of the same persons, but ... a minority of stockholders in the Amador Medean Gold Mining Company ... retained the interest that they had at the time the decision was rendered;" "... the two corporations were still in existence and organized, and ... the present managers and owners of the properties were anxious that the question should be decided, in order that the minority of the stockholders might receive whatever, by the finding of the court, would be due them." ... We cannot, however, consent to determine a controversy in which the plaintiff in error has become the *dominus litis* on both sides.

*South Spring Hill Gold Mining Co. v. Amador Medean Gold Mining Co.,* 145 U.S. 300, 301, 12 S.Ct. 921, 36 L.Ed. 712 (1892) (quoting Brief for Amador Medean); *accord East Tennessee, Va. & Ga. R.R. v. Southern Tel. Co.,* 125 U.S. 695, 696, 8 S.Ct. 1391, 1392, 31 L.Ed. 853 (1888).

Patlex, as it must, concedes that this is the controlling principle of law, but in its brief on appeal argues:

> To assure itself of Control Laser's continued fiscal viability and secure payment of the note, and as a creditor, Patlex requested, as part of the settlement, the right to appoint the majority of the board of directors of Control Laser, and voting control over a large block of Control Laser stock [citation to appendix omitted]. Patlex's policy was, however, not to interfere in any decisions regarding the Gould patent, focusing solely on Control Laser's financial stability.

We do not question the veracity of this statement. Actual control, however, is not necessary to render this case moot; rather, the ability to control the opposing party suffices. Patlex, on appeal, does not challenge the fact that it has the ability to control Control Laser. Thus, the appeal is moot for lack of adversariness.

Patlex cites *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), for the proposition that a case or controversy is required to "assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult ... questions," *id.* at 204, 82 S.Ct. at 703, and argues that "[t]he fact that one party to a suit has lost interest or chooses not to participate in an appeal does not make the controversy ... abstract or academic." Patlex notes that "courts have often permitted appeals to proceed even when the appellee concedes the court's error below or affirmatively switches positions and joins with the appellant in arguing error." However, in the cases cited in support of this proposition, *e.g., Bob Jones Univ. v. United States,* 461 U.S. 574, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983); *Pope v. United States,* 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944), the parties continued to have adverse interests in the outcome of the litigation. 461 U.S. at 605, 103 S.Ct. at 2035; 323 U.S. at 11, 65 S.Ct. at 22. Control Laser's interest, conversely, is no longer adverse to Patlex.

■ Relying on *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), Patlex argues that the decision of the district court should be vacated if this appeal is moot. *Munsingwear* explains that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below." *Id.* at 39, 71 S.Ct. at 106; *accord Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936) ("Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss."); *Great*

*Western Sugar Co. v. Nelson,* 442 U.S. 92, 93 n. *, 99 S.Ct. 2149 n. *, 60 L.Ed. 735 (1979) (*"United States v. Munsingwear, Inc.,* is perhaps the leading case on the proper disposition of cases that become moot on appeal.") This case did not become moot on appeal; rather a consent judgment was entered pursuant to the settlement agreement of the parties. The agreed settlement and entry of consent judgment mooted any possibility of Patlex pursuing an appeal and foreclosed this court from obtaining jurisdiction. The *Munsingwear* requirement of vacating the judgment below when a case becomes moot on appeal therefore does not apply. *See Cleveland v. Chamberlain,* 66 U.S. (1 Black) 419, 17 L.Ed. 93 (1861).[6]

Accordingly, it is ORDERED that:

The appeal is dismissed for lack of jurisdiction.

NICHOLS, Senior Circuit Judge, concurring in part and dissenting in part.

I dissent from the holding that the case is moot because of settlement and that the decision of the district court is not required to be vacated. I concur that the present case is moot on the basis that Patlex is the *dominus litis* on both sides of the litigation.

Patlex has made the argument that "[i]n subsequent litigation, other infringers of Patlex's patents are certain to rely on *Blonder–Tongue [Laboratories v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)] to claim that the jury's finding [of invalidity] in this case is entitled to collateral estoppel effect. Thus, if Patlex is unable to achieve reversal, it faces the possibility that it will be forever foreclosed from asserting these claims."

I think that it would be eminently unfair to leave the trial court's judgment undisturbed and permit future accused infringers to raise the *Blonder–Tongue* collateral estoppel argument. Admittedly, *Blonder–Tongue,* by its own terms, does not give collateral estoppel effect to judgments of patent invalidity from earlier litigation where the patentee did not have a fair opportunity to litigate the validity of his patent. *Blonder–Tongue,* 402 U.S. at 332–34, 91 S.Ct. at 1439–40. But what constitutes a fair opportunity? The *Blonder–Tongue* decision identifies a number of factors relevant to this determination, but concludes that "no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas." *Blonder–Tongue,* 402 U.S. at 333–34, 91 S.Ct. at 1445.

The *Blonder–Tongue* issue is of speculative effect until any subsequent litigation is undertaken. In *Hall v. U.S. Fiber & Plastics Corp.,* 476 F.2d 418 (3d Cir.1973), the court rejected *Blonder–Tongue* considerations as a reason for deciding an otherwise moot appeal, but I am not urging we decide such an issue, only that we vacate a decision below that there decided a moot issue our majority would leave standing. Nonetheless, the present appeal has seen the vigorous participation of three amici curiae, all members of the laser industry to which the subject patent is relevant.

This court and its predecessors have never squarely faced the question of whether the inability to obtain appellate review necessarily falls short of a fair opportunity to litigate. The Restatement (Second) of Judgments § 29 (1982) provides:

§ 29. Issue Preclusion in Subsequent Litigation with Others

A party precluded from relitigating an issue with an opposing party, in accordance with §§ 27 and 28, is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which

---

**6.** As the dissent notes, "[t]he *Blonder–Tongue* issue is of speculative effect until any subsequent litigation is undertaken." The applicability of *Blonder–Tongue,* in a situation where an agreed settlement and judgment moots the intended and expected appeal, is best left to such later litigation. Vacating the consent judgment would preclude a collateral estoppel defense in a later case and decide the issue before it arises.

consideration should be given include those enumerated in § 28.

Among the circumstances listed in section 28 is the circumstance that:

> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.

The Restatement also takes the position, however, that "[w]ith respect to controversies that have become moot, it is a procedural requirement in some jurisdictions, in order to avoid the impact of issue preclusion, that the appellate court reverse or vacate the judgment below and remand with directions to dismiss." Restatement (Second) of Judgments § 28 comment a (1982). In general, efforts to escape *Blonder–Tongue* collateral estoppel have not been met with success. *See generally,* 4 D. Chisum, Patents § 19.02[2], n. 12 (1988).

While we need not resolve the *Blonder–Tongue* issue now pressed, we should be conscious of it in deciding this case. I am convinced that our own precedent requires us to vacate the invalidity judgment, for reasons discussed *infra,* thus bypassing the *Blonder–Tongue* issue because it affords us no clear answer.

The majority reasons that the present case is moot because of settlement. The majority rests its analysis on the following syllogism: settlement moots an action; the present action was settled; therefore the present action is moot. A flaw in this syllogism is that it allows no room for the possibility of partial settlement.

If there is a partial settlement, there remains a case or controversy as to those issues which are not settled and not inherently mooted by the settlement. *Cf. CTS Corp. v. Dynamics Corp. of America,* 481 U.S. 69, 107 S.Ct. 1637, 1644, n. 5, 95 L.Ed. 2d 67 (1987) (partial settlement does not moot the case because the judgment may still affect the parties' rights). *See generally* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3533.2 at 234 (1984). Patlex argues, in effect, that it did not settle the issues of the validity of claims 1, 6, 8, and 10. Patlex's brief states that: "[t]he settlement agreement did not address or affect the jury's finding that claims 1, 6, 8, and 10 were invalid. However, in the agreement, Patlex reserved its right to attack those findings through a motion for judgment notwithstanding the verdict and then an appeal."

Clearly, if the issues were not in fact settled, the majority's conclusion of mootness on this basis cannot stand. Amici and the majority leap to the conclusion that these issues were settled, notwithstanding Patlex's assertions to the contrary, without examining the document which purportedly expresses the settlement and moots the appeal. Patlex represents that it did not settle the issue of these claims' validity, and we have no basis for challenging this statement. We cannot accept or reject this contention blindly; if our decision is to rest upon belief or disbelief of this premise, resort to the settlement agreement, in unredacted form, is required.

Despite the foregoing, I believe that the case is moot for other reasons and that resort to the settlement agreement is inappropriate and unnecessary. Specifically, I concur in the majority's holding that Patlex has the ability to control both sides of this litigation and that this ability removes the heretofore presence of a case or controversy. Although there was a genuine controversy at the onset of the litigation, the controversy must continue throughout the litigation. *See, e.g., United States Parole Commission v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980). Because there is no longer a controversy by virtue of the common control of the parties, I agree that the case is moot. *See, e.g., American Wood–Paper Co. v. Heft,* 75 U.S. (8 Wall.) 333, 19 L.Ed. 379 (1869) (plaintiff and defendant to patent infringement action having come under common control, the case is moot).

While the majority shows, correctly, that full settlement of a case does not preclude subsequent entry of a consent judgment effectuating the settlement, I believe the rule should be otherwise when plaintiff and defendant pass under common control. In the former case, the judgment still serves

the ends of justice as it precludes action by either party contrary to the judgment, and each party will be alert to move against a violation by the other. In the latter case, the court does not retain any control over anybody or thing, and the new commonly controlled entity can violate the judgment with impunity. I venture to state, therefore, that a consent judgment is improper if, as here, it purports to state the rights and duties of only the commonly controlled components of one new entity, toward one another. Such a judgment can now affect only the rights of persons not parties to it who had no voice in making it. It is improper and should be vacated.

It is the established procedure of this court to vacate an invalidity determination of a trial court if, on appeal, the accused devices are found noninfringing. *Sun–Tek Industries, Inc. v. Kennedy Sky Lites, Inc.* 848 F.2d 179, 183, 6 USPQ2d 2017, 2020 (Fed.Cir.1988); *Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1084, 5 USPQ2d 1600, 1603 (Fed.Cir.1988); *Vieau v. Japax, Inc.*, 823 F.2d 1510, 1517, 3 USPQ2d 1094, 1100 (Fed.Cir.1987); *Fonar Corp. v. Johnson & Johnson*, 821 F.2d 627, 634, 3 USPQ2d 1109, 1114 (Fed.Cir.1987) *cert. denied*, —— U.S. ——, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988); *Teledyne McCormick Selph v. United States*, 558 F.2d 1000, 1001, 214 Ct.Cl. 672, 195 USPQ 261, 262 (1977). *Cf. Altvater v. Freeman*, 319 U.S. 359, 363–65, 63 S.Ct. 1115, 1117–19, 87 L.Ed. 1450 (1943) ("to hold a patent valid if it is not infringed is to decide a hypothetical case"). The reasoning behind this practice is that in such situations the issues are moot and to decide them would be the unconstitutional rendering of an opinion where no case or controversy exists. *Sun–Tek*, 848 F.2d at 183, 6 USPQ2d at 2020.

In the present case, the judgment that Control Laser infringes claims 1–3 and 7–12 has become final, and the issue of infringement has been conclusively laid to rest. If the challenged district court judgment had laid the infringement issue to rest by finding Control Laser's devices noninfringing, clearly we would be bound to vacate the holding of invalidity. Thus, the majority inferentially attaches significance to the fact that the infringement issue has been laid to rest other than by a finding of noninfringement.

I do not believe that the circumstances which make the validity issue a dead one control whether an unnecessary judgment of invalidity is to be vacated. This case was already moot when the trial court entered its final judgment and the judgment was therefore improperly entered. Where a judgment is rendered without an underlying controversy to support it, the judgment must be vacated, whether the lack of a controversy appeared after judgment and pending appeal, *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), or before entry of the trial court judgment, *United States v. Johnson*, 319 U.S. 302, 63 S.Ct. 1075, 87 L.Ed. 1413 (1943) (where litigation was collusive and lacked a true case or controversy at its inception, the trial court judgment is vacated). *Accord Lord v. Veazie*, 49 U.S. (8 How.) 251, 12 L.Ed. 1067 (1850), *cited with approval in Cleveland v. Chamberlain*, 66 U.S. (1 Black) 419, 17 L.Ed. 93 (1861).

In *Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F.2d 1388, 222 USPQ 943 (Fed.Cir.1984), Webb asserted infringement of some of the claims contained in its patent. Southern counterclaimed for a declaratory judgment that all of the patent's claims were invalid. The district court held that all of the claims were invalid for obviousness. On appeal, this court held not only that the case was moot on appeal, but that there was *never at any time* a case or controversy between the parties with regard to some of the claims invalidated by the district court. The validity of these claims was a moot issue at all stages of the litigation, including the trial level, as is the situation in the present case. "Since * * * the evidence in the record is inadequate to indicate the existence of a case or controversy regarding the remaining claims in the invalidity declaratory judgment counterclaim, we vacate that portion of the district court's holding regarding the invalidity of [those claims]." *Webb*, 742 F.2d at 1399, 222 USPQ at 950.

"The basis for the court's decision to vacate in *Webb* was the inability of the declaratory plaintiff to meet the [case or controversy] requirement." *Vieau v. Japax, Inc.*, 823 F.2d 1510, 1520, 3 USPQ2d 1094, 1102 (Fed.Cir.1987) (Bennett, S.J. concurring). The same operative circumstances are present here. Control Laser, the declaratory plaintiff, cannot now, and could not in the district court, meet the case or controversy requirement of article III of the Constitution.

Accordingly, under the principles announced in the case law of this court and that of the Supreme Court discussed above, I would vacate the district court judgment of invalidity.