884 F.2d 1399
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas D. O'NEIL, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 89-3174.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1989.
 
 Before MICHEL, Circuit Judge, and SKELTON and BALDWIN, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) in docket No. NY07528910004, dismissing the appeal of Thomas D. O'Neil, is affirmed.
 
 OPINION
 
 2
 O'Neil challenged his removal from the position of Supply Management Officer, GS/11, in a petition filed with the board on October 31, 1988. Prior to a hearing, the parties reached a settlement on all of the issues in the case. The board found that the agreement, which was filed in the case, was legal, did not violate any law or public policy of the United States, and was freely entered into by the parties. The board dismissed the case.
 
 
 3
 After the settlement agreement was signed by the parties and the board had dismissed the case, O'Neil became dissatisfied with the settlement and filed an appeal in this court. His dissatisfaction with the settlement stems from the fact that he understood that the settlement required the agency, among other things, to expunge from his personnel record all disciplinary actions that had ever been taken against him. However, the settlement agreement only provided that the agency would expunge from his record of employment "all records pertaining to the present action and all references to the thirty (30) day suspension for misconduct reflected in his OPF (Official Personnel Records) for the period 28 May, 1986, through 27 June, 1986," and that he was to be placed on Leave Without Pay during that period. He did not allege nor prove before the board that the settlement agreement was tainted because of mutual mistake of fact, coercion or fraud.
 
 
 4
 The settlement agreement executed by the parties renders the case moot and forecloses this court from obtaining jurisdiction. Gould v. Control Laser Corp., 866 F.2d 1391, 1395, 9 USPQ2d 1718, 1721 (Fed.Cir.1989). "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982) (quoting Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630 (1948)). O'Neil has not met this burden, and therefore the board's dismissal of the appeal was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).