MAYER, Circuit Judge,
concurring.
I agree that the district court had no original federal question jurisdiction over the breach of contract claim brought by Gemstar-TV Guide International, Inc. *84 (“Gemstar”) against Personalized Media Communications, L.L.C. (“PMC”). I further agree that because the scope of the licensing agreement between Gemstar and PMC will be adjudicated in other proceedings, see Personalized Media Commc’ns, L.L.C. v. EchoStar Corp., No. 2:08-CV-70-RSP, slip op. at 6 (E.D.Tex. July 10, 2012), exercising jurisdiction over Gemstar’s declaratory judgment claim would “defeat judicial economy as it would task two courts with deciding the same issue,” ante at 83.
I do not, however, subscribe to the majority’s intimation of error in the trial court’s original decision to dismiss Gems-tar’s declaratory judgment claim as moot. The subject matter of the litigation before the district court was whether Scientific-Atlanta, Inc. (“Scientific”) infringed U.S. Patent Nos. 4,694,490, 4,704,725, 4,965,825, 5,109,414, 5,233,654, 5,335,277, and 5,887,-243 (collectively “the Harvey patents”). All issues related to the alleged infringement were rendered moot when Scientific entered into settlement and licensing agreements with both Gemstar and PMC. Because Gemstar entered into a comprehensive settlement agreement with Scientific related to its rights under the Harvey patents, it had no continuing interest in the case and the trial court correctly dismissed its declaratory judgment claim. See Socialist Lab. Party v. Gilligan, 406 U.S. 583, 586, 92 S.Ct. 1716, 32 L.Ed.2d 317 (1972) (“It is axiomatic that the federal courts do not decide abstract questions posed by parties who lack a personal stake in the outcome of the controversy.” (citations and internal quotation marks omitted)); Gould v. Control Laser Corp., 866 F.2d 1391, 1392 (Fed.Cir.1989) (“Settlement moots an action.”).
Gemstar’s effort to obtain a “declaration of its rights” in the Harvey patents is a poorly-disguised attempt to obtain an advisory opinion on the scope of its licensing agreement with PMC. Gemstar has settled its dispute with Scientific, and any dispute Gemstar has with PMC over the scope of their licensing agreement is too remote and speculative to support the exercise of declaratory judgment jurisdiction. A patent licensee is not entitled to turn to the federal courts for an adjudication of its rights under a license agreement until such time as there is an actual and concrete dispute over the scope of those rights. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (declaratory judgment jurisdiction is available only where the dispute is “definite and concrete” (citations and internal quotation marks omitted)). Gemstar’s vague allegation that its hypothetical relationships with unnamed “prospective licensees” might be damaged because of uncertainties over the scope of its licensing agreement with PMC, is not the type of “specific live grievance,” Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), necessary to support the exercise of declaratory judgment jurisdiction. See Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1349 (Fed.Cir.2007) (concluding that there was “no evidence of a justiciable controversy” where a declaratory judgment plaintiffs potential future expansion plans were “vaguely defined”); Microchip Tech. Inc. v. Chamberlain Group, Inc., 441 F.3d 936, 943 (Fed.Cir.2006) (“Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction.”). Instead, as the trial court correctly concluded, because “Gems-tar no longer ha[d] any stake in the patent dispute between PMC and [Scientific] ... any ruling on Gemstar’s declaratory judgment claim would constitute an advisory *85 opinion as to the rights that PMC and Gemstar have in the Harvey patents with respect to a hypothetical party.” Personalized Media Commc’ns, L.L.C. v. Scientific-Atlanta, Inc., No. 1:02-CV-824-CAP, slip op. at 4 (N.D.Ga. Dec. 14, 2010).