856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ADVANCE TRANSFORMER COMPANY, Plaintiff-Appellee,
v.
Melvin L. LEVINSON, Defendant-Appellant,
and
Harry B. Keck and Thomas H. Murray, Appellants.
 No. 87-1462.
 United States Court of Appeals, Federal Circuit.
 Aug. 8, 1988.
 
 Before PAULINE NEWMAN and BISSELL, Circuit Judges, and EDWARD D. RE, Chief Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Northern District of Illinois, Advance Transformer Co. v. Levinson, No. 79 C 557 (N.D.Ill. April 2, 1987) (and as amended June 4, 1987), awarding attorney fees and costs to Advance Transformer, is vacated.
 
 OPINION
 
 2
 The district court's judgment was for a total of $200,000, calculated as $100,000 in attorney fees and $100,000 in costs, awarded upon the court's prior holding that this was an exceptional case in terms of 35 U.S.C. Sec. 285.[1] Mr. Levinson and his counsel Messrs. Keck and Murray were held jointly and severally liable for the total amount.
 
 
 3
 Subsequent to entry of this judgment, the holding that this was an exceptional case in terms of section 285 was reversed on appeal to this court. Advance Transformer Co. v. Levinson, 837 F.2d 1081, 1085, 5 USPQ2d 1600, 1604 (Fed.Cir.1988). Despite this reversal the judgment remains of record, in full amount and against all three appellants.
 
 
 4
 In its brief Advance Transformer acknowledged that Messrs. Keck and Murray were relieved from personal liability. However, Advance Transformer has taken no step to vacate any part of the judgment, thus requiring appeals by attorneys Keck and Murray as well as by Mr. Levinson.
 
 
 5
 All parties request that this court clear the record. In view of our reversal of the holding that this is an exceptional case under 35 U.S.C. Sec. 285, the judgment for $200,000 is vacated.
 
 
 6
 At trial on the merits, Advance Transformer was the prevailing party on the patent counts. Advance Transformer did not prevail on the antitrust and unfair competition counts, for it adduced no evidence on these counts, although the counts were not dismissed nor the complaint amended. Unless these latter counts were specious or frivolous, or brought for other improper purpose within the meaning of Rule 11, Levinson must be deemed to have prevailed on these counts. Thus we hold that neither party was the prevailing party for purposes of taxation of costs.
 
 
 7
 We hold that all parties shall bear their own attorney fees and costs on all phases of this litigation, including this appeal.[2]
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. Sec. 293(a)
 
 
 [1]
 Advance Transformer Co. v. Levinson, 231 USPQ 1 (N.D.Ill.1986). The district court also referred to Rule 11, no longer at issue
 
 
 [2]
 This appeal, taken from a judgment based on a verdict that had been reversed, should indeed have been unnecessary. There also is merit to appellants' position that the extent of requested discovery was unreasonable and harassing. However, taking an overview of the entire litigation as it has reached this court, we assess no penalties at this time