968 F.2d 1226
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SHAT-R-SHIELD, INC., Plaintiff-Appellant,
v.
TROJAN, INC., Defendant-Cross-Appellant.
 Nos. 91-1388, 91-1389.
 United States Court of Appeals, Federal Circuit.
 May 1, 1992.
 
 Before NIES, Chief Judge, PAULINE NEWMAN and MICHEL Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 Shat-R-Shield, Inc. (SRS) appeals from the April 15, 1991, judgment of the United States District Court for the Eastern District of Kentucky, No. 86-221, holding that Trojan, Inc.'s process of applying a plastic coating to the glass envelope and portions of the end caps of fluorescent lamps does not infringe U.S. Patent No. 4,507,332 (the '332 patent). Trojan cross-appeals the district court's holding that (1) the '332 patent is not invalid, (2) the '332 patent is not unenforceable,[1] and (3) Trojan is not entitled to an award of attorney fees. Trojan also asserts that SRS's appeal to this court is frivolous and warrants imposition of sanctions. We vacate the district court's judgment with respect to validity and affirm the remainder of the judgment. Trojan's request for sanctions for the appeal is denied.
 
 DISCUSSION
 I. SRS's Appeal
 A.
 
 2
 SRS appeals the district court's holding that Trojan's process for coating fluorescent lamps does not infringe the '332 patent. Because SRS expressly waived literal infringement at oral argument, the only question on appeal is whether the district court erred in holding that Trojan's process does not infringe the '332 patent under the doctrine of equivalents. SRS argues that the district court erred by (1) misinterpreting the scope of the claims, (2) using the accused process as a reference point for the doctrine of equivalents analysis instead of the patent's claims, and (3) failing to conduct a proper function/way/result analysis.
 
 
 3
 SRS contends that the district court interpreted the claims two different ways, broadly for the validity analysis and narrowly for the infringement analysis. However, upon application of the correct claim construction, which we interpret as a matter of law, Key Mfg. Group v. Microdot, Inc., 925 F.2d 1444, 1448, 17 USPQ2d 1806, 1809 (Fed.Cir.1991), we find no legal error in the district court's infringement analysis.
 
 
 4
 Although distinctions exist between claims 1, 4, and 7, each of these claims includes the steps of "masking said pins and all of said end caps except said predetermined portion thereof" and "exposing said glass envelope and said predetermined portion of said end caps to a fluidized bed of powder of said polymeric material for a second predetermined period of time to apply a coating of said powder to said glass envelope and to said predetermined portion of said end caps."
 
 
 5
 The district court found that "the Trojan coating process does not coat bulbs in substantially the same way as the claimed process" and that the Trojan process is "fundamentally different" from the claimed process. Significantly, the district court also noted that "[t]he concerns behind the doctrine of equivalents [are] not present in this case." See London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1538, 20 USPQ2d 1456, 1458-59 (Fed.Cir.1991) (application of the doctrine of equivalents is the exception, rather than the rule, and is not simply the second prong of every infringement charge).
 
 
 6
 In the accused process, the lamp's pins are held by adapters. The lamps are lowered into a liquid solution of plastisol, a dispersion of extremely small particles of polyvinyl chloride (PVC) suspended in a liquid plasticizer, and then rotated. As the only contact between the liquid solution and the lamp occurs at the surface of the liquid, masking is not required to protect the pins. Also, because in the Trojan process "[t]he portion of the end caps which is coated varies from lamp to lamp, and is thus not 'predetermined,' " masking is not required to define a predetermined coated portion of the end caps. Conversely, the masking claimed in the '332 patent protects the pins from exposure to the coating powder and defines the "predetermined portion" of the end caps which is to be coated. Accordingly, the district court specifically found that "the adapters of Trojan do not function as masks." SRS has not proven this finding clearly erroneous. There is no substitution of an equivalent for the masking step.
 
 
 7
 The '322 patent also requires "a fluidized bed of powder," i.e., powder supported in air. SRS argues that Trojan's plastisol is equivalent to the fluidized bed of '332 because both contain particles supported in a fluidizing medium; air in the '332 process, liquid plasticizer in Trojan's process. The district court correctly noted that powder coating and plastisol coating involve "fundamentally different mechanisms." When the lamp is removed from the fluidized bed of powder, it is covered with individual PVC particles. When a lamp is removed from the Trojan plastisol bath, it is coated in a liquid plasticizer which contains PVC particles. Moreover, the process claimed in the '332 patent produces a coating comprised only of PVC powder. The fluidizing agent, air, passes out of the system. In the Trojan process, the coating is comprised of both the particles of PVC and the fluidizing agent, the plasticizer.
 
 
 8
 While the end result, a coated lamp, may be comparable in each process, the Trojan process achieves this result in a different way from the process disclosed in the '332 patent with respect to both steps required and materials. We are unpersuaded by SRS's arguments that equivalency between the accused process and the limitations of the claims was established. Therefore, the district court's finding that the Trojan process does not infringe the '332 patent under the test set out in Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605 (1950), for determining infringement under the doctrine of equivalents, is not clearly erroneous. Spectra Corp. v. Lutz, 839 F.2d 1579, 1582, 5 USPQ2d 1867, 1869 (Fed.Cir.1988).
 
 B.
 
 9
 SRS also asserts that the district court committed procedural "errors" by failing to narrow the issues under the partial summary judgment procedure of Fed.R.Civ.P. 56(d) and by allowing Trojan to name an expert witness beyond the date set in the pretrial order. Both of these rulings are discretionary with the trial judge and no abuse of discretion has been shown.
 
 II. Trojan's Cross-appeal
 A.
 
 10
 While Trojan cross-appeals from the district court's judgment that the '332 patent is not invalid, it asks only that the judgment of validity be vacated if we uphold the judgment of noninfringement. This is in accordance with our usual practice. Advance Transformer Co. v. Levinson, 837 F.2d 1081, 1084, 5 USPQ2d 1600, 1603 (Fed.Cir.1988); Pennwalt Corp. v. Durand-Wayland Inc., 833 F.2d 931, 939, 4 USPQ2d 1737, 1743 (Fed.Cir.1987), cert. denied, 485 U.S. 961 & 1009 (1988) (en banc); Fonar Corp. v. Johnson & Johnson, 821 F.2d 627, 634, 3 USPQ2d 1109, 1114 (Fed.Cir.1987), cert. denied, 484 U.S. 1027 (1988). Accordingly, the district court's judgment holding that the '332 patent has not been proven invalid is vacated.
 
 B.
 
 11
 Trojan cross-appeals the district court's refusal to award attorney fees under Fed.R.Civ.P. 11[2] and requests, as well, its attorney fees and costs on appeal under Rule 38 for frivolous appeal. We affirm the district court's denial of attorney fees and deny the Rule 38 request.
 
 
 12
 Trojan argues that SRS brought suit without having a reasonable basis for believing Trojan was infringing the '332 patent. Trojan also charges that SRS made a claim of infringement totally devoid of merit and put forth frivolous arguments, thereby subjecting Trojan to litigation in bad faith. The district court expressly found,
 
 
 13
 this action was brought in good faith and on a reasonable belief that the '332 patent may have been infringed. [SRS] and its attorney could have reasonably believed that they had a basis for filing the lawsuit and the Court finds that their conduct met the objective standard of reasonableness under the circumstances. The Court does not find that there was any improper purpose in filing this lawsuit.
 
 
 14
 Trojan would have us treat the statement by SRS's counsel, made shortly after the process patent issued, that "it was not proper" to sue under the process patent at that time, as, in effect, an admission that SRS did not know what process Trojan was then using. Trojan argues that SRS later filed this action without any further investigation.
 
 
 15
 SRS attempted to find out Trojan's process through discovery in a separate suit for infringement of its product patent. Thwarted in that effort, it filed this suit based upon an examination of the product. SRS's president, Mr. James D. Nolan, filed an affidavit to the effect that Trojan's lamps bore marks similar to lamps made using the process of the '332 patent. Trojan asserts Nolan's testimony is inconsistent with later testimony.
 
 
 16
 While others might have reached a different conclusion from the trial court on the issue of whether SRS had a reasonable basis for making the pleadings of its complaint, we are unpersuaded that the court here abused its discretion in denying sanctions. The exercise of discretion respecting sanctions, particularly the denial of sanctions, is the type of discretionary decision that is virtually unreviewable. It would be wholly inappropriate for an appellate court to impose trial sanctions, as Trojan urges, simply because it disagreed with a factual finding of the trial court. The trial court is clearly in the best position to "marshall the pertinent facts and apply the fact-dependent legal standard mandated by rule 11." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, ----, 110 L.Ed.2d 359, 379-80 (1990). In sum, Trojan has not convinced us that the district court abused its discretion by refusing to award attorney fees under Rule 11. Cooter & Gell, 496 U.S. at ----, 110 L.Ed.2d at 381-82 (1990).
 
 
 17
 Trojan argues that SRS's appeal is frivolous as filed and as argued, citing what it asserts as the weakness of SRS's arguments and SRS's mischaracterization of the facts. Nonetheless, we hold that SRS's appeal is not frivolous and does not warrant sanctions under Rule 38.
 
 
 
 [1]
 Trojan alleged that SRS's mislabeling of its products and false advertising constituted unclean hands and caused the patent to become unenforceable. Because we affirm the judgment of noninfringement, we need not address Trojan's argument
 
 
 [2]
 Trojan states that it relied on 35 U.S.C. § 285 (1988) as well but makes no argument that this is an exceptional case within the meaning of the statute. Thus, this statute has not been shown to apply